UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

STACY LASHER
  a/k/a Stacy D. Lasher,

                         Plaintiff,

          v.                                                9:16-CV-0198
                                                                     (BKS/TWD)

DOMINIC DAGOSTINO, et al.,

                        Defendants.
_____

APPEARANCES:

STACY LASHER
23935
Plaintiff, pro se
Schenectady County Jail
320 Veeder Avenue
Schenectady, NY 12307

BRENDA K. SANNES
United States District Judge

## DECISION AND ORDER

Plaintiff Stacy Lasher commenced this action by submitting a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") together with an application to proceed in forma pauperis. Dkt. No. 1 ("Compl."), Dkt. No. 6 ("IFP Application"). Plaintiff requested appointment of pro bono counsel. Dkt. No. 10. In the complaint, plaintiff alleged that his constitutional rights were violated during his confinement at the Schenectady County Jail. *See generally* Compl. Specifically, plaintiff alleged that he was denied access to the courts in violation of his constitutional rights because the defendants denied him access to adequate legal materials, his grievances were not adequately addressed, and defendants

violated state regulations. *See generally* Compl. By Decision and Order filed on April 28, 2016, plaintiff's IFP Application was granted and the sufficiency of the complaint was considered in accordance with 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A. Dkt. No. 14 (the "April 2016 Order"). On the basis of that review, the Court determined that the complaint failed to state a claim upon which relief may be granted under Section 1983. *Id*. at 8-15. In light of plaintiff's pro se status, he was granted the opportunity to file an amended complaint. *Id*. at 15-16. In addressing plaintiff's motion for appointment of counsel, the Court stated as follows:

> The Second Circuit has articulated several factors for determining whether to appoint counsel to an indigent civil litigant pursuant to 28 U.S.C. § 1915(e). Those factors include: the litigant's likelihood of success on the merits; the complexity of the legal issues raised by the complaint; and the litigant's ability to investigate and present the case. *See Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986); *see also Wenger v. Canastota Cent. Sch. Dist.*, 146 F.3d 123, 125 (2d Cir. 1998). Of these criteria, the most important is the merits; i.e., "'whether the indigent's position was likely to be of substance.'" *McDowell v. State of N.Y.*, No. 91 Civ. 2440, 1991 WL 177271, at *1 (S.D.N.Y. Sept. 3, 1991) (quoting *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989)).

April 2016 Order at 18. Because the complaint did not survive sua sponte review under 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A(b), plaintiff failed to establish that his claim is likely to be of substance, and his motion for appointment of counsel was denied. *Id*. at 18, 20.[1]

Presently before the Court is plaintiff's motion seeking reconsideration of that portion of the Court's April 2016 Order which denied plaintiff's request for appointment of pro bono counsel. Dkt. No. 15.

A court may justifiably reconsider its previous ruling if: (1) there is an intervening

---

[1] Plaintiff also filed a motion requesting preliminary injunctive relief. Dkt. No. 5. That motion was denied. April 2016 Order at 16-18, 20.

2

change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice. *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)). The standard for granting a motion for reconsideration is strict. *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Id.*[2] Thus, a motion for reconsideration is not to be used for "presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).

By his motion, plaintiff argues that he requires the assistance of counsel "due to the intricacies of 42 U.S.C. 1983" and because there is no law library at the Schenectady County Jail where he is presently confined. Dkt. No. 15 at 1-2. Plaintiff does not suggest that there has been an intervening change in the controlling law, nor has he presented new evidence which was not previously available. Therefore, the only basis for reconsideration is to remedy a clear error of law or to prevent manifest injustice.

Construed liberally, plaintiff appears to claim that he cannot prepare an amended complaint without the assistance of counsel because he allegedly has no access to a law library or legal materials. However, plaintiff does not need an attorney or access to a law library to in order to replead his denial of access to the courts claim. Instead, in any amended complaint that he files, he must demonstrate how, if at all, the inadequate law

---

[2] Generally, motions for reconsideration are not granted unless "the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id*.

3

library at Schenectady County Jail "'hindered his efforts' to pursue a non-frivolous legal claim."  April Order at 14 (citing *Lewis v. Casey*, 518 U.S. 343, 349, 351-53 (1996)).  Plaintiff himself would have the factual information to explain "what court action or proceeding [that he filed or intended to file] was actually frustrated as a result of his inability to receive, or to timely receive, legal materials."[3]  April Order at 15.[4]

Additionally, there is nothing in plaintiff's motion for reconsideration to plausibly suggest that any of the claims he asserted in his complaint have merit.  In *Cooper v. Sargenti*, 877 F.2d at 173-74, the Second Circuit cautioned the district courts against the routine appointment of counsel and reiterated the importance of requiring an indigent to pass the test of likely merit since "[v]olunteer lawyer time is a precious commodity."  *Id*.  "Every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause."  *Id*.

After thoroughly reviewing plaintiff's motion and affording it due consideration in light of his status as a pro se litigant, the Court finds that plaintiff presents no basis for reconsideration of the April 2016 Order.   Based upon a review of the relevant law and its application to the facts of this case, the Court concludes that its previous decision was legally correct and did not work a manifest injustice.  Thus, plaintiff's motion for reconsideration (Dkt. No. 15) of the April 2016 Order is denied in its entirety.

---

[3] Attached to plaintiff's motion is an affirmation from an assistant district attorney from Schenectady County arguing that a pro se motion filed by plaintiff in Schenectady County Court on April 7, 2016, should be denied as without merit and untimely filed.  Dkt. No. 15 at 3-6.  The information contained in the affirmation does not warrant reconsideration of plaintiff's request for appointment of pro bono counsel.  Information about any frustrated court action would more properly put forth in a an amended complaint.

[4] In his complaint, plaintiff also alleged that his grievances were not adequately addressed and defendants violated state regulations.  *See generally* Compl.  Those claims are not cognizable claims under Section 1983 and therefore the claims are not curable through amendment.  April Order at 13-15.  Even if they were curable, any amendment would also require facts gathered from plaintiff's own personal experiences.

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's motion for reconsideration (Dkt. No. 15) is **DENIED**; and it is further

**ORDERED** that in light of plaintiff's pro se status, the Court sua sponte grants plaintiff an extension of time until thirty (30) days from the filing date of this Decision and Order to comply with the April 2016 Order. Plaintiff's failure to comply with the April 2016 Order by that time will result in dismissal of this action without prejudice without further order of this Court; and it is further

**ORDERED** that the Clerk of the Court shall provide plaintiff with copies of the unpublished decisions cited herein in accordance with the Second Circuit decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam); and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED.**

Dated: June 13, 2016
　　　　Syracuse, NY

Brenda K. Sannes
U.S. District Judge